**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **13-cv-3288-AP**

**MARALEX DISPOSAL, LLC**,

    Plaintiff,

        v.

**THE ENVIRONMENTAL PROTECTION AGENCY,**

    Defendant.

---

**ORDER AFFIRMING AGENCY'S DISMISSAL OF ADMINISTRATIVE APPEAL AS UNTIMELY UNDER ABUSE OF DISCRETION STANDARD**

Kane, J.

    This is an unusual Appellate Procedure (AP) case in that the matter appealed is not a final agency decision on the merits of an administrative action (here, a penalty assessment under the Safe Water Drinking Act) but rather an order dismissing Plaintiff's administrative appeal as untimely under applicable rules and refusal thereafter to reconsider that dismissal. The matter is fully briefed, and the parties agree the standard of review is for abuse of discretion. Given the procedural nature of the appeal, I will rule on it rather than refer it for random assignment to a merits judge as is the practice under the Court's Local Appellate Rules for merit-based appeals. *See* D.C.COLO.LAP.R.

    There is no dispute that Plaintiff Maralex Disposal LLC filed its notice of appeal to the EPA's Environmental Appeals Board (EAB) three days late. The question is whether the EAB's refusal to relax its rules to accept the untimely notice constituted an abuse of discretion. For the

concept of "discretion" to have any meaning, clearly it did not.

Maralex contends the EAB abused its discretion "by departing from its prior precedents of accepting late filings in situations where the EPA provided technically correct but misleading information to parties regarding the appeal process." The "technically correct but misleading information" Maralex refers to is the EPA Regional Hearing Clerk's response to counsel's email informing the Clerk of his intent to appeal the initial decision and asking her to "provide [him] with the date of receipt of service of the Initial Decision." *See* Pet'n for Review (Doc.1) at ¶¶ 11-12. At the time, counsel was operating on the mistaken belief that the receipt date was the date from which he was to calculate the 30 days in which his notice of appeal would be due; the correct date was the service (mailing) date of the Initial Decision. According to Maralex, the Clerk's failure to correct his error was an implicit endorsement of it, misleading him into filing his Notice of Appeal late. Citing a series of cases in which the EAB waived timeliness requirements under similar circumstances, Maralex concludes the EAB's failure to do so in this case constituted an abuse of discretion. Alternatively, Maralex argues the EAB's refusal was an abuse of the EAB's discretion because the enforcement decision at issue is not time-sensitive like a dispute over the issuance or denial of a permit that can hold up or thwart entire projects and the impact of a 3-day extension would have prejudiced no one.

As an initial matter, the "precedent" Maralex seeks to apply is highly selective and does not, at Maralex itself concedes, truly support its position. In each of the cases – *In re Kawaihae Cogeneration* Project, 7 E.A.D. 107, 123-24 (EAB 1997), *BASF Corp. Chem. Div.*, 2 E.A.D. 925, 1989 WL 266771 at *2 n. 3 (1989), and *Spitzer Great Lakes Ltd v. EPA*, 173 F.3d 412, 416 (6th Cir. 1999) – it was the EPA that initiated the exchange in which technically accurate but misleading information regarding appellate due dates was given. Here, counsel initiated the

exchange by asking a direct question that the Clerk correctly answered.  Further, there is ample ample precedent in the other direction, providing that the EAB "strictly construes threshold procedural requirements, such as the timely filing of a petition," and will relax a filing deadline "only where special circumstances exist."  *E.g. In re MHA Nation Clean Fuels Refinery*, NPDES Appeal Nos. 11-02, 11-03, 11-04 & 12-03, slip op. at 14 (EAB 2012)(citing *In re AES Puerto Rico, L.P.,* 8 E.A.D 324, 329 (EAB 1999), *aff'd, Sur Contra La Contaminación v. EPA*, 202 F.3d 443 (1st Cir. 2000)). This precedent also applies and in this case is dispositive.

I agree that enforcement actions, unlike permitting decisions, are not generally time-sensitive.  I also agree that where an appeal is filed three days after the 30-day appeals deadline but well-within the 45-day window of when an initial decision that is not appealed becomes final, that the effect of the late filing is *de minimis*.  And I agree that the EAB, in its discretion, could have found counsel's error in this case was exacerbated by the Clerk's confirmation of a receipt date that had no impact on the appeals deadline and could reasonably have concluded that "special circumstances" warranting a relaxation of the filing deadline.  But my view on these factors is not salient under an abuse of discretion standard of review.

While it seems to me that substance should overcome form where counsel caught his mistake before the Initial Decision became final under 40 C.F.R. § 22.27,  district courts are not in the position to re-value or re-weigh those factors under an abuse of discretion standard.  An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion is the power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown

by the evidence or the record of proceedings. *In re Bueno*, 248 B.R. 581, *582 (D.Colo.,2000)(Kane, J.)(citing *United States v. Wright et al.*, 826 F.2d 938, 942 (10th Cir.1987)).  Here, the agency's Consolidated Rules of Practice provide clear filing deadlines that are strictly construed in the absence of "special circumstances" warranting their relaxation.  The determination of whether special circumstances exist rests soundly within the EAB's discretion, and the EAB explicitly rejected them here.

In short, there are interests of finality and predictability in the litigation and appeal of enforcement actions and the fact that the EAB exercised its discretion and reached different conclusions on other occasions supports no inference that it abused its discretion in this case. Given the apparent willingness of the Region 8 Enforcement Counsel to revisit the penalty assessment at issue, *see* email dated August 16, 2013 from Amy Swanson to Wm. Zimsky (R. at 1593), perhaps an informal resolution of Maralex's appeal is possible or has already been achieved.  That would certainly be desirable.

In the meantime, Maralex's appeal of the EAB's refusal to accept its untimely formal appeal has been considered and its Petition (Doc. 1) is DENIED.  This ruling terminates the appeal and this Civil Action generally.

Dated July 29, 2014.

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE